IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 1357, <br><br>  Plaintiff, <br><br>  vs. <br><br> HAWAIIAN TELECOM, <br><br>  Defendant. | CIVIL NO. 08-00134 SOM/BMK <br><br> ORDER GRANTING MOTION TO CONFIRM ARBITRATION AWARD |

ORDER GRANTING MOTION TO CONFIRM ARBITRATION AWARD

I.     INTRODUCTION AND BACKGROUND FACTS.

Plaintiff International Brotherhood of Electrical Workers, Local 1357, ("IBEW") moves to confirm the Arbitration Award issued by Arbitrator Walter H. Ikeda on February 15, 2008, in the arbitration with Defendant Hawaiian Telecom.  Ex. 3 (attached to Motion).  Hawaiian Telecom does not oppose confirmation of the Arbitration Award.  Accordingly, IBEW's Motion is granted.

On April 4, 2006, IBEW filed a grievance on behalf of bargaining unit employees, claiming that Hawaiian Telecom had violated the Collective Bargaining Agreement ("CBA") by having management personnel perform work that should have only been performed by bargaining unit employees during March and April 2006.  Arbitration Award at 1, 5.  The dispute was submitted to

arbitration before Arbitrator Ikeda, and arbitration proceedings were held between April and September of 2007.  Id. at 7.

Arbitrator Ikeda concluded that Hawaiian Telecom had violated the CBA, but that the violation was unintentional.  Id. at 41.  Arbitrator Ikeda declined to award monetary damages to the employees or the Union, but stated, "The Employer is prohibited from having any supervisor or manager perform work described within any of the job descriptions covered under the collective bargaining agreement except under unanticipated emergency situations."  Id. at 42-43.  In addition, the Arbitration Award prohibited Hawaiian Telecom from penalizing any employee who had testified "in favor of the Grievant with respect to work assignments, hours, or any other matters covered under the CBA."  Id. at 42.

IBEW's Motion is granted.  The court, however, declines IBEW's request for an additional ruling compelling Hawaiian Telecom to comply with the Arbitration Award, as such a ruling is unnecessary.  The court also declines to award costs at this time, as IBEW has not complied with the requirements of Local Rule 54.2.

II.     LEGAL STANDARD.

The court's review of arbitration awards is extremely limited, and courts give such awards great deference.  See Haw. Teamsters & Allied Workers Union, Local 996 v. United Parcel

Serv., 241 F.3d 1177, 1180 (9th Cir. 2001) ("Our review of labor arbitration awards is, however, extremely deferential because courts do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts." (internal citations and quotations omitted)); see also Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173, 886 F.2d 1200, 1205 (9th Cir. 1989) (en banc).  An arbitration award is entitled to great deference

> [b]ecause the parties have contracted to have
> disputes settled by an arbitrator chosen by
> them rather than by a judge, [and] it is the
> arbitrator's view of the facts and of the
> meaning of the contract that they have agreed
> to accept.  Courts thus do not sit to hear
> claims of factual or legal error by an
> arbitrator as an appellate court does in
> reviewing decisions of lower courts.

United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 37-38 (1987).

The Ninth Circuit has described this court's review of arbitration awards pursuant to a CBA as follows:

> [T]he court may not review the merits, but
> must ask only whether the grievance is
> governed by the contract and whether the
> parties agreed to arbitrate the dispute.  As
> long as the award "draws its essence" from
> the contract, meaning that on its face it is
> a plausible interpretation of the contract,
> then the courts must enforce it.

Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc. of Ariz., 84 F.3d 1186, 1190 (9th Cir. 1996) (internal citations omitted).  See also Major League Baseball

Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001) (per curiam) ("Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement. . . . [I]f an arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision.") (internal quotations and citations omitted).

III.     ANALYSIS.

    A.     Confirmation of the Arbitration Award.

Hawaiian Telecom does not oppose confirmation of the Arbitration Award.  Defendant Hawaiian Telecom's Position Regarding Plaintiff IBEW's Motion to Confirm Arbitrator Walter Ikeda's Decision and Award (April 24, 2008) at 1.  This court confirms the Arbitration Award.

IBEW has neither alleged nor submitted any evidence suggesting Hawaiian Telecom's noncompliance with the Arbitration Award.  The court declines IBEW's request for a ruling compelling Hawaiian Telecom to comply with the terms of the Arbitration Award.  Such an order would duplicate this court's confirmation.

    B.     Attorneys' Fees and Costs.

In its Motion, IBEW sought attorneys' fees and costs in the event that Hawaiian Telecom opposed IBEW's motion for

confirmation.  Motion at 18.  IBEW has since withdrawn its request for attorneys' fees.  Plaintiff's Reply Brief in Support of IBEW's Motion to Confirm Arbitrator Walter Ikeda's Decision and Award (May 1, 2008) at 5.

To the extent IBEW requests an award of costs relating to the unopposed confirmation of the Arbitration Award before this court, IBEW must first comply with the requirements of Local Rule 54.2, which it has not presently done.  The court declines to award costs at this time.

IV.     CONCLUSION.

For the foregoing reasons, the court grants IBEW's motion to confirm the Arbitration Award.

This order disposes of the pending motion.  The Clerk of Court is directed to terminate the motion, close the case, and enter judgment for IBEW stating that the Arbitration Award is confirmed.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 7, 2008.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 1357, v. HAWAIIAN TELECOM**, Civ. No. 08-00134 SOM/BMK; ORDER GRANTING MOTION TO CONFIRM ARBITRATION AWARD